UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRINCIPAL LIFE INSURANCE COMPANY,

          Plaintiff,

-vs-                                        Case No. 2:07-cv-539-FtM-29SPC

STEPHEN CUTLER and SUE ELLEN CUTLER,
individually, and as natural parents and guardians of
Addison Beach Cutler, and CUTLER
CONSTRUCTION COMPANY,

          Defendants.
_____

## ORDER

This matter comes before the Court on the Defendants, Stephen Cutler and Sue Ellen Cutler's Unopposed Motion to Amend their Answer, Affirmative Defenses, and Counterclaim (Doc. #55) filed on May 14, 2010, and the Plaintiff Principal Life Insurance Company's Motion for Partial Summary Judgment (Doc. # 50) filed on May 13, 2010. Pursuant to Local Rule 3.01(g), the Defendants conferred with the Plaintiff regarding the proposed amendments and the Plaintiff represented that it did not oppose the Motion.

Under rule 15(a), a party may amend the party's pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal

Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

The Motion was timely filed and is unopposed. As such, the Court finds good cause to grant the requested leave to file an amended answer and affirmative defenses.

The Plaintiff also filed its Motion for Partial Summary Judgment, which seeks an order declaring that the case is subject to ERISA law. Because the Defendants filed their Amended Answer and Affirmative Defenses and counter claim directly relate to the ERISA issue, the Motion for Partial Summary Judgment is now moot.

Accordingly, it is now

**ORDERED:**

(1) The Defendants' Unopposed Motion to Amend their Answer, Affirmative Defenses, and Counterclaim (Doc. #55) is **GRANTED**. The Clerk of the Court is directed to file the Defendants Amended Answer and Affirmative Defenses which is attached to the instant motion as Exhibit 1.

(2) The Plaintiff Principal Life Insurance Company's Motion for Partial Summary Judgment (Doc. # 50) is **DENIED as Moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of May, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record